IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION RECEIVED

| | | |
|---|---|---|
| **ANNYE J. THOMAS c/o** | ) | 2006 DEC -8 P 2: 19 |
| **THE ESTATE OF LAKECIA Q.** | ) | |
| **BROADNAX,** | ) | DEBRA P. HACKETT, CLK |
| | ) | U.S. DISTRICT COURT |
| **Plaintiff,** | ) | MIDDLE DISTRICT ALA |
| | ) | |
| **vs.** | ) | CIVIL ACTION NO.: 2:06-CV-1091-MHT |
| | ) | |
| **AUTO-OWNERS INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Defendant, Auto-Owners Insurance Company (hereinafter Auto-Owners), hereby gives notice of removal of this action from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.  As grounds for this removal, Defendant states as follows:

1.    On or about October 27, 2006, Plaintiff, Annye J. Thomas c/o The Estate of Lakecia Q. Broadnax, commenced an action in the Circuit Court of Montgomery County, Alabama, entitled Annye J. Thomas c/o The Estate of Lakecia Q. Broadnax v. Auto-Owners Insurance, et als., Civil Action No.: CV-06-2788.  Service on Defendant by process server of the summons and the complaint was issued by the Circuit Court of Montgomery County, Alabama, on or about November 8, 2006, and was served on Defendant on November 13, 2006.

2.    Defendant Auto-Owners first received a copy of the initial pleading setting

forth the claims for relief by service of the summons and complaint on November 13, 2006. See, Exhibit "1" at p. 14.

3.    True and correct copies of all process, pleadings and orders served upon Defendant Auto-Owners in this action and contained in the file of the Circuit Court of Montgomery County, Alabama in said action are attached hereto as Exhibit "1", and made a part hereof in accordance with 28 U.S.C. §1446(a).

4.    In her complaint Plaintiff attempts to state causes of actions for conversion (Count One), unjust enrichment (Count Two), breach of contract (Count Three), and bad faith (Count IV). The gravamen of Plaintiff's action arises out of an alleged failure to perform/pay a claims for uninsured/underinsured motorist benefits under an insurance policy issued by Auto-Owners arising out of an automobile accident on October 27, 2004, in Montgomery, Alabama.

5.    Pursuant to 28 U.S.C. §1446(b) Defendant has thirty days from the receipt by the Defendant, through service or otherwise, of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, to remove a case. 28 U.S.C. §1446(b). This notice of removal is filed within thirty days after service on Defendant on November 13, 2006; therefore, this removal is timely filed pursuant to 28 U.S.C. §1446(b) and Rule 6(a) of the *Federal Rules of Civil Procedure*.

6.    Defendant Auto-Owners is the only Defendant named in the lawsuit; therefore, all named Defendants have joined in this notice of removal. Plaintiff has also named numerous fictitious Defendants in the complaint. For purposes of removal, the citizenship of Defendants sued under fictitious names shall be disregarded. 28 U.S.C. §1441(a).

2

7.      In accordance with 28 U.S.C. §1446(b), a copy of this notice of removal is being filed with the clerk of the Circuit Court of Montgomery County, Alabama. A copy of the notice of filing of notice of removal is attached hereto as Exhibit "2".

8.      This action is hereby removed by Defendant from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, as the district court of the United States for the district and division embracing the place where such action was pending. See, 28 U.S.C. §81(b)(1) and 28 U.S.C. §1446(a). Thus, venue is proper in the United States District Court for the Middle District of Alabama, Northern Division.

## FEDERAL DIVERSITY JURISDICTION

## COMPLETE DIVERSITY

9.      Plaintiff, Annye J. Thomas c/o The Estate of Lakecia Q. Broadnax, is a resident citizen of Montgomery County, Alabama and is over the age of nineteen years. (Complaint, ¶ 1).  Plaintiff is the administrator of the Estate of Lakecia Q. Broadnax.  A copy of the Letters of Administration granted to Plaintiff is attached hereto as Exhibit "3". Plaintiff's decedent, Lakecia Q. Broadnax, was a resident citizen of Montgomery, Alabama at the time of her death and at all times material to this action.  Thus, Plaintiff is for diversity purposes a resident citizen of the State of Alabama. See, 28 U.S.C. §1332(c)(2).

10.     Defendant, Auto-Owners Insurance Company is not organized or incorporated in the State of Alabama and it does not have its principal place of business in the State of Alabama.  Auto-Owners Insurance Company is incorporated under the laws of the State of Michigan with its principal place of business in the State of Michigan.  Auto-

3

Owners Insurance Company is licensed to do business in the State of Alabama. Thus, Defendant is for diversity purposes a resident citizen of the State of Michigan and is not a resident citizen of the State of Alabama. See, 28 U.S.C. §1332(c)(1).

11.    Plaintiff has also named numerous fictitious defendants in the complaint; however, for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded pursuant to 28 U.S.C. §1441(a). Therefore, there is complete diversity between Plaintiff and Defendant Auto-Owners Insurance Company pursuant to 28 U.S.C. §1332(a)(1).

## AMOUNT IN CONTROVERSY

12.    The general federal rule has been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith. See, Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961). In St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S. Ct. 586, 82 L. Ed. 845 (1938) the Supreme Court applied the legal certainty test to cases removed from state court where the state court complaint stated a sum certain in excess of the jurisdictional amount. See, Fitzgerald v. Besam Automated Entrance Systems, 282 F. Supp. 2d 1309, 1313 (S. D. Ala. 2003). Conversely, the defendant has been held to have the burden of proving jurisdiction in the situation where the complaint in the removed state court action sought recovery of a specific amount of damages below the jurisdictional minimum. See, Burns v. Windsor Ins. Co., 31 F. 3rd 1092 (11th Cir. 1994). When the state court complaint is indeterminate, then an intermediate burden is placed upon the removing defendant since there is no representation by plaintiff's counsel that would be entitled to deference. Where, as here,

4

Plaintiff seeks recovery for an indeterminate amount, diversity jurisdiction exists where a removing defendant establishes by preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See e.g., Leonard v. Enterprise Rent A Car, 279 F. 3d 967, 972 (11th Cir. 2002); Tapscott v. M.S. Dealer Service Corp., 77 F. 3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by* Cohen v. Office Depot, Inc., 204 F. 3d 1069 (11th Cir. 2000). Proof of the amount in controversy requirement can be made in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000.00; or (2) by setting forth the facts in controversy-either in the removal papers or by affidavit-that support a finding of the requisite amount. Williams v. Best Buy Co., Inc., 269 F. 3d 1316, 1319-20 (11th Cir. 2001); Sierminski v. TransSouth Financial Corp., 216 F. 3d 945, 948-49 (11th Cir. 2000). The determination of whether jurisdiction is "facially apparent" is left in part to the court's intuition and common sense. HWJ, Inc., v. Burlington Ins. Co., 926 F. Supp. 593, 595 (E.D.Tex. 1996). Where jurisdiction is not "facially apparent," the removing defendant may use summary judgment type evidence to establish that the amount in controversy exceeds $75,000.00. Williams, 269 F. 3d at 1320; Sierminski, 216 F. 3d at 948. As the Eleventh Circuit has recognized,"if the jurisdictional amount is not facially apparent from the complaint, the courts should look to the notice of removal and may require evidence available to the amount in controversy at the time the case was removed. Williams, 269 F. 3d 1319. Where no specific amount of damages is claimed in the complaint, this court has described the burden of proof in the following way:

> This court holds that in a diversity case where no specific amount of damages is claimed in the complaint filed in state court, the removing defendant's burden is to establish by a preponderance of the evidence that

5

> the amount in controversy is greater than [the jurisdictional minimum] and
> that this may be done by sufficient proof that a plaintiff's verdict reasonably
> may exceed that amount.  This standard balances the plaintiff's right to
> choose a proper forum and the defendant's right to remove where federal
> jurisdiction exists.

Bolling v. Union Nat. Life Ins. Co., 900 F. Supp. 400, 405 (M.D. Ala. 1995); see also, Moss

v. Voyager Ins. Cos., 43 F. Supp. 2d 1298, 1301 (M.D. Ala. 1999).

13.    Thus, in this type removal of an action, the operative standard is whether a

preponderance of the evidence indicates that a verdict in favor of the Plaintiff (if there is

to be one) "reasonably may exceed" the jurisdictional minimum.  In this case, the amount

in controversy more than likely exceeds the sum of $75,000.00, exclusive of interest and

costs, because Plaintiff seeks compensatory and punitive damages for, *inter alia*, alleged

conversion and bad faith. There are no statutory caps of less than $75,000.00 on

compensatory and punitive damages for which the Plaintiff seeks recovery.

14.    The Alabama Supreme Court has upheld awards in this type case in an

amount exceeding $75,000.00.  See, Nat'l Ins. Assoc. v. Sockwell, 829 So. 2d 111(Ala.

2002) (an award $200,000.00 compensatory damages and $600,000.00 punitive damages

upheld in action for bad faith payment of underinsured motorist claim under two policies

providing a total of $40,000.00 of coverage); see also, Liberty Nat. Life Ins. Co. v. Caddell,

701 So. 2d 1132 (Ala. Civ. App. 1997) (verdict upheld of $50,000.00 compensatory

damages and $100,000.00 punitive damages on conversion claim against insurer); New

Plan Realty Trust v. Morgan, 792 So. 2d 351 (Ala. 2006) (award of $100,000.00

compensatory damages and $100,000.00 punitive damages affirmed for conversion of

property valued at $46,679.00).   In this case the Plaintiff is claiming damages for

compensatory damages,  as well as punitive damages. Punitive damage awards well in

6

excess of the minimum jurisdictional amount have been upheld. See, id. Moreover, Alabama law only caps punitive damage awards against companies such as Auto-Owners at the greater of $500,000.00 or three times the compensatory damages. See, §6-11-21, Code of Alabama, 1975. The subject Auto-Owners insurance policy contained uninsured/underinsured motorist coverage of $20,000.00 per person and $40,000.00 per occurrence. Thus, as was held in Sockwell, supra, a verdict herein including compensatory and punitive damages respectively may exceed $75,000.00, exclusive of interest and costs. A true and correct copy of the declarations page of the subject policy is attached hereto as Exhibit "4".

15.    Any potential award of punitive damages against the defendant is included in determining the amount in controversy if punitive damages are recoverable under governing law. See, Bell v. Preferred Life Insurance Society of Montgomery, Alabama, 320 U.S. 238, 240, 64 S. Ct. 5, 88 L. Ed. 5 (1943); see also, Holley Equipment Co., v. Credit Alliance Corp., 821 F. 2d 1531, 1535 (11th Cir. 1987). The allegations of the bad faith and conversion in the complaint, if proven, can result in punitive damages being awarded.

16.    Thus, under the alleged facts and pleadings before the court, the amount in controversy in this action is in excess of $75,000.00, exclusive of interest and costs.

17.    There is complete diversity of citizenship between the parties, and this Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. §1332.

18.    Because complete diversity of citizenship exists between the Plaintiff and the Defendant and because the requisite amount in controversy is present, this civil action may be removed to this Court pursuant to 28 U.S.C. § 1441.

19.    That the pending action is one which may be removed to this Court, and this Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446 within thirty days after receipt and service of Plaintiff's complaint.

20.    A copy of this notice of removal is being served upon all counsel of record.

21.    A true and correct copy of this notice of removal is being filed with the Circuit Court of Montgomery County, Alabama. A copy of the notice of filing of notice of removal being filed with the Circuit Court of Montgomery County, Alabama is attached hereto as Exhibit "2".

22.    By filing this notice of removal, this defendant does not waive any defense that may be available to the defendant.

23.    A copy of all pleadings served upon this defendant have been attached to the original notice of removal.

**WHEREFORE**, Defendant, Auto-Owners Insurance Company files this notice of removal so as to effect the removal of this action from the Circuit Court of Montgomery County, Alabama, to this court. This defendant prays this Honorable Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause so that all proceedings that may have been had in said Circuit Court are removed to this Court. Defendant, Auto-Owners Insurance Company, further prays that the removal of this cause to this court should be effected and that no further or other proceedings shall be had with respect to this cause in the Circuit Court of Montgomery County, Alabama.

Dated this the 8th day of December , 2006.

8

_____
ROGER S. MORROW (MOR032)


_____
JOEL H. PEARSON(PEA019)
**Attorneys for Defendant Auto-Owners
Insurance Company**


**OF COUNSEL:**

**MORROW, ROMINE & PEARSON, P. C.
122 South Hull Street
P. O. Box 4804
Montgomery, Alabama 36103-4804
Telephone:  (334) 262-7707
Facsimile:   (334) 262-7742**


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the _8th_ day of _December_, 2006.

Hon. Rodney Newman Caffey
P.O. Box 2012
Montgomery, AL 36102


_____
OF COUNSEL

# EXHIBIT "1"

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY ALABAMA
CIVIL DIVISION

ANNYE J. THOMAS c/o THE ESTATE,
OF LAKECIA Q. BROADNAX,

    **Plaintiff,**

**v.**                             **CASE NO.: CV-2006-_2788_**

**AUTO OWNERS INSURANCE
COMPANY, ("AUTO OWNERS"),
FICTITIOUS DEFENDANT A,** that
person, firm, corporation, partnership, or
other entity of whatever nature, whether
singular or plural, which is liable or
potentially liable to the plaintiff for the
conduct of the defendants on the basis of
*respondeat superior* or other form of
vicarious liability; **FICTITIOUS
DEFENDANT B,** that person, firm,
corporation, partnership or other entity
of whatever nature, whether singular or
plural, which is liable or potentially liable
to the plaintiff, on behalf of her deceased
resident relative daughter's estate
for failing to use reasonable
care or reckless hiring, training, supervising
any of the other defendants, their agents or
employees; **FICTITIOUS DEFENDANT
C,** that person, firm, corporation, partnership
or other entity of whatever nature, whether
singular or plural, which is liable to plaintiff,
on behalf of her deceased resident
relative daughter's estate
for any of her damages; **FICTITIOUS
DEFENDANT D,** that person, firm,
corporation, partnership or other entity of
whatever nature, whether singular or plural,
which is liable or potentially liable to the
plaintiff, on behalf of her deceased

resident relative daughter's
estate for accepting and processing insurance
premiums paid, but denying plaintiff's
claim for coverage benefits.
**FICTITIOUS DEFENDANTS X,Y,Z...**
**plaintiff avers that the identities of the**
**fictitious party defendants herein are**
**otherwise unknown to plaintiff at this time,**
**and that their true names will be substituted**
**by amendment when ascertained.**

    **Defendants.**

## COMPLAINT

**COMES NOW** the Plaintiff, Annye J. Thomas, by and through her undersigned

counsel, and brings this civil Complaint against Defendants **AUTO OWNERS**

**INSURANCE COMPANY, and FICTITIOUS DEFENDANTS A-D.** In

support of her cause of actions, Plaintiff states as follows:

## STATEMENT OF THE PARTIES

1.    Plaintiff Annye J. Thomas is an individual above the age of nineteen (19)

    years and otherwise is a fully competent resident of Montgomery County,

    Alabama.

2.    Defendant Auto Owners Insurance Company upon information and belief,

    is located in Lansing, Michigan, and is licensed to do business in

    Montgomery County, Alabama by registered agent, and was involved in

the sale/issuance of life insurance to Plaintiff. All transactions with regard to this sales/issuance took place in Montgomery, County, Alabama.

3.    Fictitious Defendant A is that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the Plaintiff for the conduct of the Defendants on the basis of respondeat superior or other form of vicarious liability.

4.    Fictitious Defendant B is that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the Plaintiff for failing to use reasonable care or recklessly hiring, training, or supervising any of the other Defendants, their agents or employees.

5.    Fictitious Defendant C is that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the Plaintiff for any of their damages.

6.    Fictitious Defendant D is that person, firm, corporation, partnership or other entity of whatever nature, whether singular or plural, which is liable or potentially liable to the Plaintiff for accepting and processing Plaintiff's insurance premiums, but denying her claim for coverage benefits.

7.    The identities of each of these fictitious parties are unknown to the
Plaintiff at this time, but will be substituted by amendment when
ascertained.

## STATEMENT OF THE FACTS

8.    Defendants issued/sold Plaintiff automobile coverage to cover Plaintiff
and Plaintiff's resident relative, for risks associated with Uninsured and
Underinsured at-fault automobile drivers.

9.    On or about 10/27/2004, Plaintiff's decedent met with an untimely death
in a fatal automobile accident, shortly thereafter, Plaintiff made a claim
with Defendants for Plaintiff's Underinsured Motorists coverage benefits.

10.   On or about 02/12/2005, Defendants effectively denied Plaintiff's claim of
Underinsured Motorists insurance coverage, ostensibly for Plaintiff's
decedent being deemed the **"owner"** of a vehicle which the **"lienholder"**,
actually owned at the time of Plaintiff's deceased resident relative's fatal
collision, by not responding to Plaintiff's time demand letter to handle her
Underinsured Motorists claim.

## COUNT ONE

## CONVERSION

11.    Plaintiff realleges and readopts by reference paragraphs (1-10) of the Complaint as though fully set forth herein.

12.    The aforesaid conduct by Defendants "Auto Owners", and Fictitious Defendants A-D constitutes conversion. Defendants accepted and retained insurance premium payments from Plaintiff for the Plaintiff's account. By so retaining Plaintiff's funds, Defendants did wrongfully take and/or wrongfully detain and/or wrongfully assume ownership and control and/or possession of said funds. Said acts by the Defendants constitutes conversion in that the Plaintiff's rights were illegally and intentionally interfered with by way of said conversion of funds.

13.    Plaintiff claims punitive damages of the Defendants because of the Defendants' willful and oppressive conduct.

**WHEREFORE,** Plaintiff demands judgment against the Defendants, individually, jointly and severally in such an amount of compensatory and punitive damages, as a jury deems reasonable, plus attorney costs.

## COUNT TWO

## UNJUST ENRICHMENT

14.    Plaintiff realleges and readopts by reference paragraphs (1-13) of the
       Complaint as though fully set forth herein.

15.    Defendants "Auto Owners", and Fictitious Defendants A-D have been
       unjustly enriched through the receipt of insurance premium payments
       made by the Plaintiff to them, as alleged in paragraphs (8-10) above.

16.    As set forth herein, retention of these benefits by Defendants is inequitable
       and unjust.

17.    Plaintiff claims punitive damages of the Defendants, because of the
       Defendants' willful and oppressive conduct.

       **WHEREFORE,** Plaintiff demands judgment against the Defendants,
       individually, jointly and severally in such an amount of compensatory and
       punitive damages, as a jury deems reasonable, plus attorney costs.

## COUNT THREE

## BREACH OF CONTRACT

18.    Plaintiff realleges and readopts by reference paragraphs (1-17) of the
       Complaint as though fully set forth herein.


19.    Defendant "Auto Owners" is a corporation organized under the laws of the
       State of Michigan, and is licensed to do business in Alabama by
       designated agent and is engaged in the business of selling life insurance.


20.    Defendants "Auto Owners" issued a contract of insurance to Plaintiff,
       which covered the risks associated with an automobile accident death.


21.    On or about 02/12/2006 Defendants "Auto Owners" by and through their
       Agents, effectively denied payment of Plaintiff's said claim under such
       policy contract, and therefore created an intentional breach of contract and
       a failure to use good faith and fair dealings with the Plaintiff as alleged in
       paragraphs (8-10) above.


       **WHEREFORE,** Plaintiff demands judgment against the Defendants,
       individually, jointly and severally in such an amount of compensatory
       damages, as a jury deems reasonable, plus attorney costs.

## COUNT FOUR

## BAD FAITH

22.    Plaintiff realleges and readopts by reference paragraphs (1-21) of the

Complaint as though fully set forth herein.


23.    Defendant "Auto Owners" is a corporation organized under the laws of the

State of Michigan, and is authorized to do business in Alabama by

designated agent, and is engaged in the business of selling automobile

insurance.


24.    Defendant "Auto Owners", and Fictitious Defendants A-D, issued and/or

sold a contract of automobile insurance to Plaintiff.


25.    On or about 10/27/2004, Plaintiff's decedent met an untimely death, in a

fatal automobile accident, shortly thereafter Plaintiff made a claim with

Defendants for Plaintiff's Underinsured Motorists insurance coverage

benefits.


26.    On or about 02/12/2005 Defendants "Auto Owners" and Fictitious

Defendants A-D, by and through their agents as alleged in Paragraphs (8-

10) above, effectively denied Plaintiff payment and have officially and

intentionally refused to pay the Plaintiff's said claim under said policy and

have denied the same, without legal justification.

27.    Defendants' refusal to pay said claim was not based upon any reasonably

legitimate, arguable or debatable reason.

28.    Defendants knew that there was no legitimate arguable or debatable reason

for denying the claim, when Defendants refused to pay the claim.

29.    Defendants intentionally failed to determine whether or not there was any

lawful basis for its refusal to pay said claim.

30.    Plaintiff claims punitive damages of the Defendants, because of the

Defendants' willful and oppressive conduct.

**WHEREFORE,** Plaintiff demands judgment against the Defendants,

individually, jointly and severally in such an amount of compensatory and

punitive damages, as a jury deems reasonable, plus attorney costs.

DATED this the 27th day of October 2006.

RODNEY NEWMAN CAFFEY (CAF002)
**Attorney for Plaintiff**

**ADDRESS OF COUNSEL:**

**RODNEY N. CAFFEY**
**ATTORNEY AT LAW**
P.O. Box 2012
Montgomery, AL 36102
Telephone: (334) 220-4310

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a struck jury for the trial of this case.

RODNEY NEWMAN CAFFEY

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
CIVIL DIVISION

ANNYE J. THOMAS c/o, THE ESTATE )
OF LAKECIA Q. BROADNAX          )
                                )
        Plaintiff,              )
                                )          Case No.: CV-06-  *2788*
                                )
v.                              )
                                )
                                )
                                )
AUTO OWNERS INSURANCE           )
COMPANY, ET AL.,                )
                                )
        Defendants.             )

## SUMMONS

This service of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the Alabama Rules of Civil Procedure.

NOTICE TO:    AUTO OWNERS INSURANCE, c/o, DREW  KLASING
              5915 Carmichael Road
              Montgomery, Alabama 36117          D1

The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand-deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

              RODNEY NEWMAN CAFFEY
              P.O. Box 2012
              Montgomery, Alabama 36102

the attorney for the Plaintiff.   THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

Circuit Clerk

DATED: _11/08/06_

## CERTIFICATE OF SERVICE

I, _____, a Deputy Sheriff with the Montgomery County Sheriff's Department, hereby certify that I served a copy of the foregoing complaint to _____ on the _____ day of _____ 2006.

_____

Deputy Sheriff

ImH

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA
### CIVIL DIVISION

ANNYE J. THOMAS c/o, THE ESTATE )
OF LAKECIA Q. BROADNAX        )
                              )
       **Plaintiff,**         )
                              )     **Case No.: CV-06-** 2788
                              )
**v.**                        )
                              )
                              )
                              )
**AUTO OWNERS INSURANCE**     )
**COMPANY, ET AL.,**          )
                              )
       **Defendants.**        )

## SUMMONS

    This service of this summons is initiated upon the written request of Plaintiffs' attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**      **AUTO OWNERS INSURANCE, c/o, DREW KLASING.**
                        **5915 Carmichael Road**
                        **Montgomery, Alabama 36117**   D1

    The Complaint, which is attached to this summons, is important and you must take immediate action to protect your rights. You are required to mail or hand-deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint to,

        **RODNEY NEWMAN CAFFEY**
        **P.O. Box 2012**
        **Montgomery, Alabama 36102**

the attorney for the Plaintiff. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

_Melissa Rittenour_ ✗
**Circuit Clerk**

DATED: 11/08/06

## CERTIFICATE OF SERVICE

I, CPS Van Cleve Oru, a ~~Deputy Sheriff~~ CPS with the
Montgomery County Sheriff's Department, hereby certify that I served a copy of
the foregoing complaint to _Auto Owners Insurance_
on the 13 day of _Nov_ 2006. In C/o Lynn Dawkins

_CPS Van Cleve Oru_
**Deputy Sheriff**

9:45 AM

# EXHIBIT "2"

**IN THE CIRCUIT COURT
OF MONTGOMERY COUNTY, ALABAMA**

| | |
|---|---|
| **ANNYE J. THOMAS c/o THE ESTATE OF LAKECIA Q. BROADNAX,** | ) )  ) ) |
| **Plaintiff,** | ) ) |
| **vs.** | )   **CIVIL ACTION NO.: CV-2006-2788** ) |
| **AUTO-OWNERS INSURANCE COMPANY,** | ) ) ) |
| **Defendant.** | ) |

## NOTICE OF FILING OF NOTICE OF REMOVAL

**TO:**

Hon. Melissa Rittenour
Montgomery County Circuit Clerk
P.O. Box 1667
251 S. Lawrence Street
Montgomery, AL 36104

Hon. Rodney Newman Caffey
P.O. Box 2012
Montgomery, AL 36102

Please take notice that Defendant Auto-Owners Insurance Company has on this date filed its Notice of Removal, a true and correct copy of which is attached hereto as Exhibit "A", in the Office of the Clerk of the United States District Court for the Middle District of Alabama, Northern Division at Montgomery, Alabama.

Dated this the 8th day of December, 2006.

_____
**ROGER S. MORROW (MOR032)**

JOEL H. PEARSON(PEA019)
**Attorneys for Defendant Auto-Owners
Insurance Company**

**OF COUNSEL:**

**MORROW, ROMINE & PEARSON, P. C.
122 South Hull Street
P. O. Box 4804
Montgomery, Alabama 36103-4804
Telephone:  (334) 262-7707
Facsimile:    (334) 262-7742**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the _8th_ day of _December_____, 2006.

Hon. Rodney Newman Caffey
P.O. Box 2012
Montgomery, AL 36102

OF COUNSEL

# EXHIBIT "3"

# CERTIFIED
# LETTERS OF ADMINISTRATION

| | | |
|---|---|---|
| **THE STATE OF ALABAMA** | } | **PROBATE COURT** |
| **MONTGOMERY COUNTY** | } | **CASE NO. 04-614** |

**LETTERS OF ADMINISTRATION** on the Estate of

**LAKECIA QUELL BROADNAX** Deceased are hereby granted to **ANNYE JEAN THOMAS,** who has duly qualified and given bond as Personal Representative, and is authorized to administer such Estate.

**DATED this 6th day of December, 2004.**

**_REESE McKINNEY, JR._**
Judge of Probate Court, Montgomery County

| | | |
|---|---|---|
| **STATE OF ALABAMA** | } | **PROBATE COURT** |
| **MONTGOMERY COUNTY** | } | |

I, **Reese McKinney, Jr., Judge of Probate** in and for the said County, in said State hereby certify that the above is a full, true and complete copy of Letters of Administration on the Estate of **LAKECIA QUELL BROADNAX,** Deceased, as fully and completely as the same appears of record in this office in Book No. ___0556___ of Judicial Records, at page __0343___.

**Given under my hand and seal this 15th day of December, 2004.**

Judge of Probate Court, Montgomery County

# EXHIBIT "4"

# *Auto-Owners*

Page 1

19020 (10-80)
Issued 04-01-2004

**INSURANCE COMPANY**
6101 ANACAPRI BLVD., LANSING, MI 48917-3999

AGENCY   THOMPSON INSURANCE INC
17-0806-00    MKT TERR 040    (334) 277-8970

INSURED   ANNYE J THOMAS

ADDRESS   105 AZALEA DR

MONTGOMERY   AL   36105-2821

**AUTOMOBILE POLICY DECLARATIONS**
**PREMIER**
Renewal Effective 05-09-2004

**POLICY NUMBER**    **93-243-987-00**

Company Use    38-06-AL-0005

| Company Bill | **POLICY TERM** |
|---|---|
| | 12:01 a.m.   12:01 a.m. |
| | to |
| | 05-09-2004   11-09-2004 |

In consideration of payment of the premium shown below, this policy is renewed. Please attach this Declarations and attachments to your policy. If you have any questions, please consult with your agent.

| DESCRIPTION OF ITEM INSURED | SYMBOL/COST | TERRITORY | CLASS/PG |
|---|---|---|---|
| 1. 1995 TOYT CAMRY LE<br>VIN: 4T1SK12E0SU549867 | 11-40-0 | 003<br>Montgomery County, AL | 001 |

| COVERAGES | LIMITS | PREMIUM |
|---|---|---|
| Bodily Injury | $   50,000 person/$ 100,000 occurrence | $50.00 |
| Property Damage | $   50,000 occurrence | 50.00 |
| Uninsured and | | |
|    Underinsured Motorist | $   20,000 person/$   40,000 occurrence | 33.00 |
| Medical Payments | $    5,000 person | 11.00 |
| Comprehensive | Actual Cash Value - $   50 deductible | 84.00 |
| Collision | Actual Cash Value - $ 250 deductible | 108.00 |
| Road Trouble Service | $    50 occurrence | 2.00 |
| Additional Expense | $ 20/Day, $ 600 Maximum | 7.00 |
| | TOTAL | $345.00 |

Interested Parties: See Attached Schedule

Additional Forms For This Item:    79300 (10-02)    79402 (07-94)    79536 (07-94)
79537 (06-92)    79299 (03-99)    79939 (05-02)

PREMIUM BASIS: Automobile driven for pleasure use by a 61 year old operator.
Premier Credit applies.
30% Air Bag Discount applies to Med Pay premium.

160

| Accidental Death Benefit Endorsement | | 003<br>Montgomery County, AL | 001 |
|---|---|---|---|

| COVERAGES | LIMITS | PREMIUM |
|---|---|---|
| ACCIDENTAL DEATH BENEFIT $20,000 PER ELIGIBLE PERSON | | Included |
| | TOTAL | Included |

Page 2

19020 (10-80)
Issued 04-01-2004

AUTO-OWNERS INS. CO.

AGENCY THOMPSON INSURANCE INC
       17-0806-00      MKT TERR 040

Company  **POLICY NUMBER**      **93-243-987-00**
Bill     Company Use           38-06-AL-0005

INSURED ANNYE J THOMAS

Term 05-09-2004 to 11-09-2004

| | TERM |
|---|---|
| TOTAL POLICY PREMIUM | $345.00 |

Forms That Apply To All Items:    79001  (03-99)   79703  (06-92)   79467  (11-99)
79609  (06-97)

Policy Rate Code 0001
Multi-Policy Discount applies.
Financial Rating Code 01