IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 DEC -8 P 2: 20

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ANNYE J. THOMAS c/o THE ESTATE OF LAKECIA Q. BROADNAX, )<br>)<br>) | |
| Plaintiff, ) | |
| vs. ) | CIVIL ACTION NO.: 2:06CV-1091-MHT |
| AUTO-OWNERS INSURANCE COMPANY, )<br>) | |
| Defendant. ) | |

## ANSWER OF DEFENDANT AUTO-OWNERS INSURANCE COMPANY

**COMES NOW** Defendant, Auto-Owners Insurance Company (hereinafter Auto-Owners), and answers Plaintiff's complaint as follows:

### (STATEMENT OF THE PARTIES)

1.      On information and belief Defendant Auto-Owners admits the allegations of paragraph 1 of the Plaintiff's complaint.

2.      In response to paragraph 2 of Plaintiff's complaint, Defendant admits Auto-Owners Insurance Company is a mutual insurance company incorporated under the laws of the State of Michigan with its principal place of business in the State of Michigan, and licensed to do business in the State of Alabama.   Defendant denies Auto-Owners Insurance Company sold life insurance to Plaintiff or Plaintiff's decedent.

3.      Defendant Auto-Owners has insufficient information upon which to admit or deny the allegations contained in paragraph 3 of the complaint and therefore denies  said allegations and demands strict proof thereof.

4.      Defendant Auto-Owners has insufficient information upon which to admit or

deny the allegations contained in paragraph 4 of the complaint and therefore denies said allegations and demands strict proof thereof.

5.    Defendant Auto-Owners has insufficient information upon which to admit or deny the allegations contained in paragraph 5 of the complaint and therefore denies said allegations and demands strict proof thereof.

6.    Defendant Auto-Owners has insufficient information upon which to admit or deny the allegations contained in paragraph 6 of the complaint and therefore denies said allegations and demands strict proof thereof.

7.    Defendant Auto-Owners has insufficient information upon which to admit or deny the allegations contained in paragraph 7 of the complaint and therefore denies said allegations and demands strict proof thereof.

### (STATEMENT OF THE FACTS)

8.    Defendant Auto-Owners denies the allegations contained in paragraph 8 of the complaint and demands strict proof thereof.

9.    Defendant Auto-Owners denies the allegations contained in paragraph 9 of the complaint and demands strict proof thereof.

10.    In response to paragraph 10 of the Complaint, Defendant Auto-Owners admits no coverage is owed to Plaintiff or Plaintiff's decedent because Plaintiff's decedent was not covered under the subject policy of insurance and was not insured under the subject insurance policy issued to Annye J. Thomas. Defendant Auto-Owners otherwise denies the allegations contained in paragraph 10 of the complaint and demands strict proof thereof.

2

## (COUNT ONE)

## (CONVERSION)

11.    In response to paragraph 11 of Plaintiff's complaint Defendant Auto-Owners adopts the preceding paragraphs of this answer as if fully set forth herein.

12.    Defendant Auto-Owners denies the allegations contained in paragraph 12 of the complaint and demands strict proof thereof.

13.    Defendant Auto-Owners denies the allegations contained in paragraph 13 of the complaint and demands strict proof thereof.

## (COUNT TWO)

## (UNJUST ENRICHMENT)

14.    In response to paragraph 14 of Plaintiff's complaint Defendant Auto-Owners adopts the preceding paragraphs of this answer as if fully set forth herein.

15.    Defendant Auto-Owners denies the allegations contained in paragraph 15 of the complaint and demands strict proof thereof.

16.    Defendant Auto-Owners denies the allegations contained in paragraph 16 of the complaint and demands strict proof thereof.

17.    Defendant Auto-Owners denies the allegations contained in paragraph 17 of the complaint and demands strict proof thereof.

## (COUNT THREE)

## (BREACH OF CONTRACT)

18.    In response to paragraph 18 of Plaintiff's complaint Defendant Auto-Owners adopts the preceding paragraphs of this answer as if fully set forth herein.

19.    In response to paragraph 19 of the complaint, Defendant admits that Auto-Owners Insurance Company is a mutual insurance company incorporated under the laws of the State of Michigan with its principal place of business in the State of Michigan and that it is licensed to do business in the State of Alabama to sell various types of insurance.

20.    In response to paragraph 20 of Plaintiff's complaint, Defendant denies that Auto-Owners Insurance Company issued or sold any type of contract of insurance to Plaintiff's decedent, Lakecia Q. Broadnax.  In further response to paragraph 20 of the complaint, Defendant admits that Auto-Owners Insurance Company issued an automobile policy (Policy No.: 93-243-987-00) to Annye J. Thomas which contained certain coverages as defined and limited in the terms, conditions, provisions, and exclusions contained in said automobile insurance policy.  Defendant Auto-Owners denies Lakecia Q. Broadnax was insured or covered under the insurance policy Auto-Owners issued to Annye J. Thomas.

21.    Defendant Auto-Owners denies the allegations contained in paragraph 21 of the complaint and demands strict proof thereof.

**(COUNT FOUR)**

**(BAD FAITH)**

22.    In response to paragraph 22 of Plaintiff's complaint Defendant Auto-Owners adopts the preceding paragraphs of this answer as if fully set forth herein.

23.    In response to paragraph 23 of the complaint, Defendant admits that Auto-Owners Insurance Company is a mutual insurance company incorporated under the laws of the State of Michigan with its principal place of business in the State of Michigan and

4

that it is licensed to do business in the State of Alabama to sell various types of insurance.

24.     In response to paragraph 24 of Plaintiff's complaint, Defendant denies that Auto-Owners Insurance Company issued or sold any type of contract of insurance to Plaintiff's decedent, Lakecia Q. Broadnax.  In further response to paragraph 24 of the complaint, Defendant admits that Auto-Owners Insurance Company issued an automobile policy (Policy No.: 93-243-987-00) to Annye J. Thomas which contained certain coverages as defined and limited in the terms, conditions, provisions, and exclusions contained in said automobile insurance policy.  Defendant Auto-Owners denies Lakecia Q. Broadnax was insured or covered under the insurance policy Auto-Owners issued to Annye J. Thomas.

25.     Defendant Auto-Owners denies the allegations contained in paragraph 25 of the complaint and demands strict proof thereof.

26.     Defendant Auto-Owners denies the allegations contained in paragraph 26 of the complaint and demands strict proof thereof.

27.     Defendant Auto-Owners denies the allegations contained in paragraph 27 of the complaint and demands strict proof thereof.

28.     Defendant Auto-Owners denies the allegations contained in paragraph 28 of the complaint and demands strict proof thereof.

29.     Defendant Auto-Owners denies the allegations contained in paragraph 29 of the complaint and demands strict proof thereof.

30.     Defendant Auto-Owners denies the allegations contained in paragraph 30 of the complaint and demands strict proof thereof.

### GENERAL DENIAL

31.     Defendant Auto-Owners denies each and every material allegation and damage alleged or claimed in the complaint which is not expressly admitted in this Answer and demands strict proof thereof.  Defendant Auto-Owners denies that Plaintiff is entitled to recover any damages, attorneys fees or relief whatsoever.

### ADDITIONAL DEFENSES, RESPONSES AND AVERMENTS

Discovery and investigation may reveal that any one or more of the following defenses should be available to Auto-Owners in this matter.  Auto-Owners therefore asserts said defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Auto-Owners may withdraw any of these defenses as may be appropriate.  Further, Auto-Owners reserves the right to amend this answer to assert additional defenses or claims as discovery proceeds.  Further answering, and by way of defense, Auto-Owners states as follows:

32.     Defendant Auto-Owners avers and alleges that Plaintiff's decedent is not an insured under any policy of insurance containing uninsured or underinsured motorist insurance that Defendant Auto-Owners issued or had in force at any time material to this action.

33.     Defendant Auto-Owners avers and alleges that its named insured, Annye J. Thomas, did not purchase uninsured or underinsured motorist insurance coverage insuring Lakecia Q. Broadnax under any policy issued by Auto-Owners.

34.     Defendant Auto-Owners avers that Plaintiff's complaint and each count and cause therein, separately and severally, fail to state a cause of action against this

Defendant upon which relief can be granted.

35.    Defendant Auto-Owners pleads the general issue.

36.    Defendant Auto-Owners avers the Plaintiff has failed to meet conditions precedent to coverage under the uninsured/underinsured motorist provisions of the subject policy of insurance issued by Defendant Auto-Owners to Annye J. Thomas.

37.    Defendant Auto-Owners avers that the injuries alleged to have been sustained by Plaintiff's decedent were not caused by the owner or operator of an uninsured motor vehicle. Defendant Auto-Owners further denies Plaintiff's injuries arose out of the ownership, maintenance, and use of an uninsured motor vehicle.

38.    Defendant Auto-Owners avers and alleges that the terms, conditions and provisions of the policy of insurance issued to Annye J. Thomas expressly preclude uninsured/underinsured motorist coverage to Plaintiff.

39.    Defendant Auto-Owners avers that the insurance policy or policies issued to Annye J. Thomas contains express terms, conditions, exclusions and limits of liability, and any liability Auto-Owners may ultimately have to the Plaintiff arising out of the claims of the Plaintiff asserted in this lawsuit is limited thereby as permitted and established by Alabama law.

40.    Defendant Auto-Owners pleads the affirmative defense of assumption of risk as to all claims in the Complaint.

41.    Defendant Auto-Owners pleads the affirmative defense of contributory negligence as to all claims in the Complaint.

42.    Plaintiff is not entitled to recover punitive damages pursuant to the facts alleged in the Complaint.

43.    Defendant Auto-Owners asserts the affirmative defenses of any applicable statute of limitations that may become applicable to bar recovery by Plaintiff.

44.    Defendant Auto-Owners avers that Plaintiff has not met all conditions precedent to coverage existing under the applicable Auto-Owners Insurance policies.

45.    Defendant Auto-Owners asserts that Plaintiff's claims are precluded by the statute of fraud. *See*, §8-9-2, *Code of Alabama* (1975); *see also*, *Bruce v. Cole*, 854 So. 2d 47 (Ala. 2003).

46.    The complaint fails to state a cause of action against Defendant Auto-Owners for bad faith.

47.    Defendant Auto-Owners denies that it breached a contract of insurance with Plaintiff.

48.    Defendant Auto-Owners adopts as a defense to Plaintiff's action the entire contents of its insurance policy that was issued to its named insured, Annye J. Thomas, and in force at the times material to this action.

49.    All tort claims alleged in Plaintiff's complaint are barred by the applicable Alabama two year statute of limitations.

50.    Defendant Auto-Owners' actions and conduct were justifiable and reasonable.

51.    Defendant Auto-Owners pleads the equitable defense of estoppel.

52.    Defendant Auto-Owners avers that Plaintiff's decedent was not covered under the policy of insurance issued by Auto-Owners Insurance Company. *See*, *Mathis v. Auto-Owners Ins. Co.*, 387 So. 2d 166 (Ala. 1980).

53.    Defendant Auto-Owners avers that Plaintiff's decedent, Lakecia Q. Broadnax,

was not insured under the policy or covered under the policy issued to Annye J. Thomas.

54.     Defendant Auto-Owners avers that all tort claims did not survive the death of Lakecia Q. Broadnax and are barred by the Alabama Survival Statute, §6-5-462, *Code of Alabama* (1975).

55.     Defendant Auto-Owners avers that Plaintiff lacks standing to pursue the claims contained in Plaintiff's complaint.

56.     Defendant Auto-Owners avers that Plaintiff lacks capacity and/or that the complaint fails to properly plead Plaintiff's capacity to pursue the claims contained in Plaintiff's complaint. *See*, §6-5-410, *Code of Alabama* (1975).

57.     Defendant Auto-Owners avers that Plaintiff's claims are not ripe.

58.     The complaint fails to state a cause of action against Defendant Auto-Owners for bad faith.

59.     Defendant Auto-Owners denies that it breached a contract of insurance with Plaintiff.

60.     Defendant Auto-Owners alleges and avers that it does not owe a duty to Lakecia Q. Broadnax and that Defendant did not undertake a duty to the Plaintiff's decedent. Defendant Auto-Owners further alleges that it has not breached a duty that was owed to Plaintiff's decedent which would allow the award of damages.

61.     Defendant Auto-Owners asserts as a complete defense to Plaintiff's claims that there is no privity of contract between Lakecia Q. Broadnax and Defendant Auto-Owners.

62.     Defendant pleads the defenses of satisfaction and payment of all amounts to which Plaintiff's decedent was entitled under the subject insurance policy.

63.    Defendant Auto-Owners avers that the invitation for a court or jury to impose liability for punitive damages without guidelines or standards for determination of the amount or proper circumstances for such an award is a denial of due process of law in violation of the Fourteenth Amendment to the United States Constitution and in violation of the Constitution of the State of Alabama.

64.    The claim of Plaintiff for punitive damages against Defendant is barred by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Alabama.

65.    Imposition of punitive damages in this case would contravene the due process clause of the United States Constitution and the Constitution of the State of Alabama and the Fourth, Sixth, Eighth and Fourteenth Amendments, separately, to the United States Constitution on each of the following grounds:

(a)    The procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions.

(b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against this defendant.

(d)    The procedures pursuant to which punitive damages are awarded fail to

10

provide specific standards for the award of punitive damages.

(e)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

(f)    The procedures pursuant to which punitive damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors.

(g)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages.

(h)    The procedures pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review for the amount of punitive damages.

(i)    The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(j)    An award of punitive damages would constitute an arbitrary and capricious taking of property of this defendant without due process of law.

(k)    An award of punitive damages under the circumstances of this case would contravene the constitutional prohibition against vague and overboard laws.

(l)    Plaintiff's claims for recovery against this defendant contravene this defendant's rights under the constitutional provisions and standards set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 158, 134 L. Ed.2d 809 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*,

11

532 U.S. 424, 121 S. Ct. 1678, 149 L.Ed.2d 674 (2001); and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

66.     Imposition of punitive damages in this case against Defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on Interstate Commerce.

67.     Defendant asserts as a defense to Plaintiff's claim for punitive damages the provisions of §6-11-27(a), *Code of Alabama* (1975).

68.     Defendant asserts as a defense and limitation to Plaintiff's claim for damages all tort reform provisions of the Alabama Tort Reform Statutes, §§ 6-11-1, *et seq.* of the *Code of Alabama* (1975), including but not limited to § 6-11-1, § 6-11-3, § 6-11-4, § 6-11-20, § 6-11-21, § 6-11-22, § 6-11-23, § 6-11-24, § 6-11-25, § 6-11-27, and § 6-11-28.  Defendant Auto-Owners specifically avers that the punitive damages legislation set forth in §6-11-21, *Code of Alabama* (1975) is applicable to this case and more specifically referred to as the statutory provision applying caps to punitive damages.

69.     Defendant denies that it was guilty of the type conduct required for the imposition of punitive damages under Alabama law.  Defendant demands clear and convincing evidence of such wrongful conduct.

70.     The complaint fails to state a claim for punitive damages upon which relief can be granted.

71.     Plaintiff cannot recover punitive damages against Defendant because such an award, which is penal in nature, would violate Defendant's constitutional rights protected

12

under the Alabama Constitution of 1901, as amended, and the Constitution of the United

States unless the Defendant is afforded the same procedural safeguards as are criminal

defendants, including, but not limited to, the right to avoid self-incrimination, the right to

forego production and disclosure of any incriminating documents, and the right to the

requirement of a level of proof beyond a reasonable doubt.

72.    Subjecting Defendant to punitive damages, or affirming an award of punitive

damages against Defendant in this case, would amount to and constitute a denial of due

process as afforded by the Due Process clause of the Fourteenth Amendment to the

United States Constitution, and by the Due Process Clause of Article 1, Section 13 of the

Alabama Constitution, as a deprivation of property without due process, or standards or

criteria of due process, based upon the following grounds and circumstances, separately

and severally assigned:

(a)    any award of punitive damages against Defendant under the evidence

in this case would necessarily be based upon an evidentiary standard

less than a standard of proof beyond a reasonable doubt;

(b)    there is a lack of reasonable standards necessary to instruct the jury

on the propriety and amount of any punitive damages award, and

such an award is subject to no predetermined limits;

(c)    an award of punitive damages should not be permitted to be

assessed against Defendant  for unauthorized acts of an agent or

agents without any additional requirement of knowledge or fault on

the part of Defendant;

(d)    an award of punitive damages should not be permitted to be

13

assessed against Defendant vicariously as a principal without any further proof of independent, wrongful conduct or ratification by Defendant;

(e)    the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant;

(f)    the procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(g)    the procedures pursuant to which punitive damages are awarded fail to provide a clear post-trial or appellate standard of review for an award of punitive damages;

(h)    an award of punitive damages would constitute an arbitrary and capricious taking of property of Defendant without due process of law.

73.    The claim of the Plaintiff for punitive damages against Defendant is barred by the Fourteenth Amendment to the United States Constitution and by the Alabama Constitution.

74.    Imposition of punitive damages in this case against Defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

75.    To award punitive damages against Defendant in this case would have a chilling effect upon Defendant's rights to open access to the courts of this State in violation of the United States Constitution and the Alabama Constitution, separately and severally.

76.    To award punitive damages against Defendant in this case would violate the

14

Contracts Clause of Article 1, Section 10 of the United States Constitution, as an award of punitive damages would impair contractual obligations.

77.     Plaintiff's Complaint seeks to make Defendant liable for punitive damages. Defendant adopts by reference the defenses, criteria, limitations and standards mandated by the Supreme Court of the United States in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 158, 134 L. Ed.2d 809 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678, 149 L.Ed.2d 674 (2001); and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

78.     The demand for punitive damages in this case is subject to those limitations established by the Alabama legislature and set forth in §6-11-21, *Code of Alabama* (1975).

79.     Based upon Alabama procedures relative to punitive damages, which provide no objective, logical or reasonable standards or criteria which govern the award, and the amount of the award, of punitive damages, Defendant is denied equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article I, §§ 1, 6 and 22 of the Alabama Constitution, separately and severally.

80.     Plaintiff's claim for punitive damages violates the rights of Defendant to due process and equal protection of the law as guaranteed by the United States Constitution and the Alabama Constitution in that the procedure for post-trial review of punitive damages set forth in *Hammond v. City of Gadsden* and *Green Oil Company v. Hornsby* is unconstitutionally vague and inadequate in the following respects:

    a.     The *Hammond* and *Green Oil* procedure provides no clearly defined standard for courts to apply in reviewing punitive damages;

15

b.    The *Hammond* and *Green Oil* procedure provides inadequate review as to the need to deter, whether deterrence has been accomplished, and whether punishment is appropriate for Defendant;

c.    The *Hammond* and *Green Oil* procedure provides inadequate review and a vague standard regarding the relationship of the punitive damage award to the harm;

d.    The *Hammond* and *Green Oil* procedure does not address nor cure the lack of guidelines given the jury in the assessment of punitive damages;

e.    This procedure is inadequate in that the trial court according to *Hammond* and *Green Oil* "may" take certain factors into account and these procedures lack predictable and objective standards of review, allow for inconsistent application of the factors, and allow for unpredictable and inconsistent results; and

f.    The *Hammond* and *Green Oil* procedure fails to provide definite and meaningful constraints on jury discretion in awarding punitive damages.

81.    The imposition of punitive damages sought by Plaintiff violates Defendant's right to due process and equal protection under the Fourteenth Amendment of the United States Constitution and the prohibition against excessive fines in the United States Constitution, in that:

(a)    Alabama law and the Alabama punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so, in

16

what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that make punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of such an award. Alabama law and the Alabama punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

(b)     Defendant had no notice of or means of ascertaining whether, or if so, in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case. That lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subject Defendant to punitive damages or as to the potential amount of such an award.

(c)     Under Alabama law and the Alabama punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed or the purposes for which such damages are assessed.

(d)     Under Alabama law and the Alabama punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including corporate status of a defendant.

(e)     No provision of Alabama law or the Alabama punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth

17

in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S. Ct. 158, 134

L. Ed.2d 809 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*,

532U.S. 424, 121 S. Ct. 1678, 149 L.Ed.2d 674 (2001); *State Farm Mut.*

*Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585

(2003); *Pacific Mutual Life Insurance Company v. Haslip*, 499 U.S. 1, 111

S.Ct. 1032, 113 L.Ed.2d 1 (1990); and *Matthews v. Eldridge*, 424 U.S. 319,

196 S.Ct. 893, 47 L.Ed.2d 18 (1976) for the imposition of a punitive award.

(f)     Alabama law and the Alabama punitive damage scheme do not provide for

adequate post-trial review of punitive damage awards or the amount thereof,

and do not provide objective standards for such review.

(g)     Under Alabama law and the Alabama punitive damage scheme, there is no

limit on the number of times Defendant could be held accountable for

punitive damages based on the same alleged conduct as that alleged in this

case.

82.     The net effect of Alabama's punitive damage system is to impose punitive

damages in an arbitrary and discriminatory manner.  The lack of adequate guidelines or

review inevitably lead to variations in result without any rational basis for differentiation, and

without serving any legitimate governmental purpose of interest.  As a result, the federal

(U.S. Const. Amend 14) constitutional mandates for equal protection are violated.

83.     Insofar as the punitive damage award sought by Plaintiff seeks to impose

punitive damages under Alabama law for conduct in other states, the award violates: (a)

Defendant's rights to due process and due course of law under the Fourteenth Amendment

18

of the United States Constitution and the Alabama Constitution; (b) the dormant or negative commerce clause derived from Article I, section 8, clause 3 of the United States Constitution; (c) the Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution; (d) the requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and (e) the prohibition against excessive fines in the United States Constitution.

84.     As concerns all claims for punitive damages, Defendant avers that such claims and such requisite burden of proof violate this Defendant's right to equal protection and due process under the Constitution of the United States and the Constitution of the State of Alabama; said claims and requisite burden of proof amount to an undue taking without due process of law and violate the Excessive Fines Clause of the Constitution of the United States and the Constitution of the State of Alabama.   This Defendant affirmatively avers that the Plaintiff's claim for punitive damages is vague, arbitrary, and unclear and that the standard for determining liability for punitive damages under Alabama law does not define with sufficient clarity the conduct or mental state of the Defendant which gives rise to a claim for punitive and exemplary damages.  Additionally, the Plaintiff's claim for punitive damages cannot be sustained in that there are no meaningful standards for determining the amount of any punitive damage award under Alabama law and that Alabama law fails to state with sufficient clarity the consequence to a Defendant of any conduct which may give rise to the claim for punitive damages.  Therefore, any award of punitive damages violates this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

85.    Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate this Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

86.    Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without a bifurcated trial as to all punitive damage issues would be violative of this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

87.    Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages in this case cannot protect this Defendant against multiple and repeated punishment for the same alleged wrong in future cases.  Accordingly, any award of punitive damages would violate this Defendant's right to due process of law and would constitute "double jeopardy" under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

88.    Plaintiff is not entitled to recover punitive damages from Defendant Auto-Owners pursuant to the facts as alleged in Plaintiff's complaint.

89.    Plaintiff's claim for punitive damages is limited to the amount recoverable as set forth in §6-11-21, *Code of Alabama* (1975).

90.    Plaintiff's claim for punitive damages is limited to the amount recoverable as set forth in §6-11-21, *Code of Alabama* (1975).  This defense is intended to challenge the

ruling stated in *Henderson v. Alabama Power Co.*, 627 So. 2d 878 (Ala. 1993).

91.    Any and all claims for punitive damages in this action are limited in the amount by application of *Code of Alabama* §6-11-21 (1975), which provides that an award of punitive damages shall not exceed $250,000.00. *See also, Oliver v. Towns*, 738 So. 2d 789 (Ala. 1999), affirmed following remand 770 So. 2d 1059 (Ala. 200).

92.    The holding of *Henderson v. Alabama Power Co.*, 627 So. 2d 878 (Ala. 1993), is incorrect and due to be overruled for each and every reason set forth in the special concurrences to *Goodyear Tie & Rubber Co. v. Vinson*, 749 So. 2d 393 (Ala. 1999), and supporting authority cited therein, which are adopted by reference as if it was set forth herein.

93.    The doctrine of revival dictates that upon the overruling of *Henderson*, the $250,000.00 cap provided by § 6-11-21, *Code of Alabama* (1975), is applicable to this case which was filed after that applicable section was enacted.

94.    At the time of the filing of this Answer discovery is not yet complete; therefore, Defendant Auto-Owners reserves the right to supplement its Answer, consistent with all applicable orders of the Court, to assert such other defenses as may be revealed in discovery.

**WHEREFORE**, Defendant Auto-Owners Insurance Company hereby demands that Plaintiff's complaint be dismissed with prejudice, that judgment be entered in favor of Defendant and that all costs of this proceeding be taxed against the Plaintiff.

Dated this the _8th_ day of _December_____, 2006.

21

_____
**ROGER S. MORROW (MOR032)**

_____
**JOEL H. PEARSON(PEA019)**
**Attorneys for Defendant Auto-Owners**
**Insurance Company**

**OF COUNSEL:**

**MORROW, ROMINE & PEARSON, P. C.**
**122 South Hull Street**
**P. O. Box 4804**
**Montgomery, Alabama 36103-4804**
**Telephone:  (334) 262-7707**
**Facsimile:   (334) 262-7742**

**JURY DEMAND**

**AUTO-OWNERS INSURANCE COMPANY  DEMANDS TRIAL BY STRUCK JURY**

_____
**OF COUNSEL**

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by placing a copy of same in the United States mail, first class postage prepaid on this the 8th day of _December_, 2006.

Hon. Rodney Newman Caffey
P.O. Box 2012
Montgomery, AL 36102

_____
**OF COUNSEL**

22