IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| ANNYE J. THOMAS, c/o the estate of Lakecia Q. Broadnax, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:06cv1091-MHT |
| | ) | (WO) |
| AUTO-OWNERS INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

OPINION AND ORDER

Plaintiff Annye J. Thomas brings this lawsuit on behalf of the estate of decedent Lakecia Q. Broadnax who was fatally injured in an automobile accident. Thomas alleges that defendant Auto-Owners Insurance Company rongfully denied Thomas's claim for underinsured motorists insurance coverage. This lawsuit was removed from state to federal court based on diversity-of-citizenship jurisdiction. See 28 U.S.C. §§ 1332, 1441. It is now before the court on Auto-Owners's motion to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6), which

was included in its answer to the complaint.  For the reasons that follow, that motion will be denied.

## I.  MOTION-TO-DISMISS STANDARD

A court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint.  Hishon v. King & Spalding, 467 U.S. 69 (1984).  In evaluating a motion to dismiss, the court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party.  Hishon, 467 U.S. at 7; Jackson v. Birmingham Bd. of Educ., 309 F.3d 1333, 1335 (11th Cir. 2002).  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Sheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The threshold for a complaint to survive a motion to dismiss for failure to state a claim is "exceedingly low."  Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985).

## II.  FACTUAL SUMMARY

The facts as outlined in the complaint do not state the details of the accident that claimed the decedent's life.  The complaint does not say whether the decedent was driving her car, Thomas's car, or someone else's car--or whether she was driving at all.  The facts only indicate that the decedent was involved in a fatal car accident and that, when Thomas filed an insurance claim with Auto-Owners, the company denied it.  Although Auto-Owners admits to selling an automobile insurance policy to Thomas, it denies that the decedent was covered under the policy; the company also contends that the accident did not involve the owner or operator of an uninsured or underinsured vehicle, and Thomas's auto insurance policy does not include uninsured or underinsured motorist coverage.

## III.  DISCUSSION

The Alabama Uninsured Motorist Act provides that

3

> "No automobile liability ... policy ...
> shall be delivered or issued ... in this
> state ... unless coverage is provided
> therein ... for the protection of
> persons insured thereunder who are
> legally entitled to recover damages from
> owners or operators of uninsured motor
> vehicles because of bodily injury ...
> including death. ... provided, that the
> named insured shall have the right to
> reject such coverage ...."

1975 Ala. Code § 32-7-23.

Based on the facts as alleged in the complaint,
Thomas's claim could survive if Thomas has underinsured
motorist insurance through her Auto-Owners policy, the
decedent was covered under Thomas's insurance policy, and
both the decedent and Thomas met the conditions precedent
under the terms of the policy. Therefore, Thomas should
be allowed to present evidence of Auto-Owners's liability.
See <u>Sheuer</u>, 416 U.S. at 236 ("The issue is not whether a
plaintiff will ultimately prevail but whether the claimant
is entitled to offer evidence to support the claims.").

***

4

For the reasons outlined above, it is ORDERED that defendant Auto-Owners Insurance Company's motion to dismiss, contained in its answer (doc. no. 3), is denied.

DONE, this the 19th day of January, 2007.

        /s/ Myron H. Thompson
        UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

   (a) **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

   (b) **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

   (c) **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

   (d) **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

   (e) **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2.  **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

    (a)    **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b)    **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c)    **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d)    **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e)    **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.  **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4.  **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).